UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAVID SOLL,

                          Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. TERRANCE SMALLS, Tax ID 939481, Individually and in his Official Capacity, P.O. LLOYD HANSON Shield No. 14534, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                          Defendants.

------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ MAY 03 2011 ★
**BROOKLYN OFFICE**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**SUMMONS ISSUED**

**VITALIANO, J.**

**POHORELSKY, M.J.**

Plaintiff DAVID SOLL, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DAVID SOLL is a Caucasian male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned the individually named defendants, P.O. TERRANCE SMALLS, P.O. LLOYD HANSON, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 22, 2007, at approximately 12:25 a.m., plaintiff DAVID SOLL was driving lawfully near the Cadman Plaza exit on the Brooklyn Queens Expressway in Kings County in the State of New York.

14. At the above referenced time, off duty police officer TERRANCE SMALLS swerved into plaintiff's lane, driving both cars into a concrete barrier.

15. Shortly thereafter plaintiff was receiving treatment in the back of an ambulance when an officer approached him and demanded he submit to an alcosensor test.

16. Plaintiff complied fully and did not register a blood alcohol reading at or above the legal limit.

17. Despite a complete lack of probable cause, defendants arrested plaintiff and charged him with Driving While Ability Impaired by Alcohol and Operating a Vehicle While Intoxicated.

18. At no time on June 22, 2007 did plaintiff operate a vehicle with a blood alcohol level at or above .08 percent, nor did he commit any crime or violation of law.

19. At no time on June 22, 2007 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Upon arriving at nearby Long Island College Hospital plaintiff was subjected to a blood test which conclusively revealed that plaintiff did not have a blood alcohol that warranted an arrest.

21. A subsequent investigation of the accident by Geico Insurance Company found plaintiff zero percent (0%) at fault for the accident, and that his actions lacked negligence entirely.

22. In spite of strong evidence that plaintiff's ability to drive was not impaired defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically defendants falsely alleged plaintiff registered a blood alcohol level above the legal limit and that plaintiff's ability to drive was impaired by alcohol when they possessed strong evidence to the contrary.

25. As a result of the above referenced facts the Kings County District Attorney's Office dropped the top charge against plaintiff, and, based upon the false and misleading version of events proffered by defendants, carried forth with the Driving While Impaired charge.

26. As a result of his unlawful arrest plaintiff DAVID SOLL retained private counsel and spent approximately thirty-two (32) months making numerous court appearances.

27. On February 4, 2010 the Kings County District Attorney's Office dismissed all charges against plaintiff after the testimony of one of the defendants at trial.

28. As a result of the foregoing, plaintiff DAVID SOLL sustained, *inter alia*, monetary damages, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff DAVID SOLL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages,

practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DAVID SOLL.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DAVID SOLL.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff DAVID SOLL.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DAVID SOLL.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff DAVID SOLL.

44. Defendants acted with malice in continuing criminal proceedings against plaintiff DAVID SOLL.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, specifically defendants falsely alleged plaintiff drove while under the influence of alcohol.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DAVID SOLL's favor on or about February 4, 2010.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to physical restraint without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" as if the same were more fully set forth at length herein.

49. Defendants created false evidence against plaintiff DAVID SOLL, specifically defendants falsely alleged plaintiff drove while under the influence of alcohol.

50. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

  ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DAVID SOLL.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DAVID SOLL's constitutional rights.

62. The acts complained of deprived plaintiff of his rights:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unlawful search; and

D. Not to have summary punishment imposed upon him.

63. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive

damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff DAVID SOLL demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
April 29, 2011

BY: _____
MATTHEW SHROYER
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
mshroyer@cohenfitch.com