UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

DAVID SOLL,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. TERRANCE SMALLS, Tax ID 939481, Individually and in his Official Capacity, P.O. LLOYD HANSON Shield No. 14534, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as true names are presently unknown),

Defendants.

----------------------------------------------------------------------x

**ANSWER TO COMPLAINT**

11 CV 2143 (ENV) (VVP)

Trial By Jury Requested

(filed by ECF)

Defendants City of New York and Police Officer Lloyd Hanson by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint ("complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to base venue as set forth therein.

5. Defendants state that paragraph "5" of the complaint is a demand for trial by jury, to which no response is necessary.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation and that it maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations in paragraph "9" of the complaint, except deny knowledge or information concerning the unidentified officers and admit that Officer Lloyd Hanson is employed by the City of New York and that Police Officer Hanson was on duty at the time of the incident.

10. Paragraph "10" of the complaint sets forth conclusions of law to which no response is required.

11. Paragraph "11" of the complaint sets forth conclusions of law to which no response is required.

12. Paragraph "12" of the complaint sets forth conclusions of law to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations in paragraph "15" of the complaint, except admit that Police Officer Hanson performed a test on plaintiff.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations in paragraph "17" of the complaint except admit that plaintiff was arrested.

18. Deny the allegations in paragraph "18" of the complaint.

19. Deny the allegations in paragraph "19" of the complaint.

20. Deny the allegations in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations in paragraph "22" of the complaint.

23. Deny the allegations in paragraph "23" of the complaint.

24. Deny the allegations in paragraph "24" of the complaint.

25. Deny the allegations in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint except deny knowledge or information sufficient to form a belief as to the length of plaintiff's criminal case.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30. Paragraph "30" of the complaint sets forth conclusions of law to which no response is required.

31. Deny the allegations in paragraph "31" of the complaint.

32. Deny the allegations in paragraph "32" of the complaint.

33. Deny the allegations in paragraph "33" of the complaint.

34. Deny the allegations in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

36. Deny the allegations in paragraph "36" of the complaint.

37. Deny the allegations in paragraph "37" of the complaint.

38. Deny the allegations in paragraph "38" of the complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. Deny the allegations in paragraph "40" of the complaint.

41. Deny the allegations in paragraph "41" of the complaint.

42. Deny the allegations in paragraph "42" of the complaint.

43. Deny the allegations in paragraph "43" of the complaint.

44. Deny the allegations in paragraph "44" of the complaint.

45. Deny the allegations in paragraph "45" of the complaint.

46. Deny the allegations in paragraph "46" of the complaint.

47. Deny the allegations in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations in paragraph "49" of the complaint.

50. Deny the allegations in paragraph "50" of the complaint.

51. Deny the allegations in paragraph "51" of the complaint.

52. Deny the allegations in paragraph "52" of the complaint.

53. Deny the allegations in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations in paragraph "55" of the complaint.

56. Deny the allegations in paragraph "56" of the complaint and all sub-paragraphs contained within paragraph "56" of the complaint.

57. Deny the allegations in paragraph "57" of the complaint.

58. Deny the allegations in paragraph "58" of the complaint.

59. Deny the allegations in paragraph "59" of the complaint.

60. Deny the allegations in paragraph "60" of the complaint.

61. Deny the allegations in paragraph "61" of the complaint.

62. Deny the allegations in paragraph "62" of the complaint and all sub-paragraphs contained within paragraph "62" of the complaint.

63. Deny the allegations in paragraph "63" of the complaint.

**FIRST AFFIRMATIVE DEFENSE**:

64. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**:

65. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**:

66. Punitive damages are not recoverable as against defendant City of New York.

**FOURTH AFFIRMATIVE DEFENSE**:

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**FIFTH AFFIRMATIVE DEFENSE**:

68. There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

69. Defendant Police Officer Lloyd Hanson has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

70. Some or all of plaintiff's claims may be barred for failure to comply with N.Y. GEN. MUN. LAW §§ 50-(e), 50-(h) and/or 50-(i).

**EIGHTH AFFIRMATIVE DEFENSE**:

71. At all times relevant to the acts alleged in the complaint, defendant City of New York's agents acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from suit.

**NINTH AFFIRMATIVE DEFENSE**:

72. One or more of plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**:

73. There was probable cause and/or reasonable suspicion for any stop.

**ELEVENTH AFFIRMATIVE DEFENSE**:

74. Plaintiff provoked any incident.

**WHEREFORE**, defendants City of New York and Police Officer Lloyd Hanson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 26, 2011

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York
and Police Officer Lloyd Hanson
100 Church Street
New York, New York 10007
(212) 227-1177

By: _____________/S/________________
LINDA MINDRUTIU (LM0801)

To: Gerald M. Cohen
Joshua Fitch
Matthew Benjamin Shroyer