UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DAVID SOLL,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. TERRANCE
SMALLS, Tax ID 939481, Individually and in his
Official Capacity, P.O. LLOYD HANSON Shield
No. 14534, Individually and in his Official Capacity,
and P.O.'s "JOHN DOE" #1-10, Individually and in
their Official Capacity (the name John Doe being
fictitious, as true names are presently unknown),

                                        Defendant.

-----------------------------------------------------------------------x

**ANSWER TO COMPLAINT
BY POLICE OFFICER
TERRANCE SMALLS**

11 CV 2143 (ENV) (VVP)

Trial By Jury Requested

(filed by ECF)

                Defendant Terrance Smalls by his attorney Michael A. Cardozo, Corporation

Counsel of the City of New York, as and for his answer to the complaint ("complaint"),

respectfully alleges, upon information and belief, as follows:

                1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to bring this action as set forth therein.

                2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to bring this action as set forth therein.

                3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

                4.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits plaintiff purports to base venue as set forth therein.

5.      Defendant states that paragraph "5" of the complaint is a demand for trial by jury, to which no response is necessary.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation and that it maintains a Police Department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9.      Denies the allegations in paragraph "9" of the complaint, except denies knowledge or information concerning the unidentified officers and admits that Officer Lloyd Hanson is employed by the City of New York and that Police Officer Hanson was on duty at the time of the incident.

10.     Paragraph "10" of the complaint sets forth conclusions of law to which no response is required.

11.     Paragraph "11" of the complaint sets forth conclusions of law to which no response is required.

12.     Paragraph "12" of the complaint sets forth conclusions of law to which no response is required.

13.     Denies the allegations set forth in paragraph "13" of the complaint.

2

14.     Denies the allegations in paragraph "14" of the complaint, except admits that Officer Smalls was off-duty on June 22, 2007 at approximately 12:25am..

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint..

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies the allegations in paragraph "22" of the complaint as those allegations relate to Officer Smalls and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph "22" of the complaint.

23.     Denies the allegations in paragraph "23" of the complaint as those allegations relate to Officer Smalls and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph "23" of the complaint.

24.     Denies the allegations in paragraph "24" of the complaint as those allegations relate to Officer Smalls and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies the allegations set forth in paragraph "26" of the complaint except denies knowledge or information sufficient to form a belief as to the length of plaintiff's criminal case.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Denies the allegations in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30.     Paragraph "30" of the complaint sets forth conclusions of law to which no response is required.

31.     Denies the allegations in paragraph "31" of the complaint.

32.     Denies the allegations in paragraph "32" of the complaint.

33.     Denies the allegations in paragraph "33" of the complaint.

34.     Denies the allegations in paragraph "34" of the complaint.

35.     In response to the allegations set forth in paragraph "35" of the complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

36.     Denies the allegations in paragraph "36" of the complaint.

37.     Denies the allegations in paragraph "37" of the complaint.

38.     Denies the allegations in paragraph "38" of the complaint.

39.     Denies the allegations in paragraph "39" of the complaint.

40.     Denies the allegations in paragraph "40" of the complaint.

41.     Denies the allegations in paragraph "41" of the complaint.

42.     Denies the allegations in paragraph "42" of the complaint.

43.     Denies the allegations in paragraph "43" of the complaint.

44.     Denies the allegations in paragraph "44" of the complaint.

45.     Denies the allegations in paragraph "45" of the complaint.

46.     Denies the allegations in paragraph "46" of the complaint.

47.     Denies the allegations in paragraph "47" of the complaint.

48.     In response to the allegations set forth in paragraph "48" of the complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49.     Denies the allegations in paragraph "49" of the complaint.

50.     Denies the allegations in paragraph "50" of the complaint.

51.     Denies the allegations in paragraph "51" of the complaint.

52.     Denies the allegations in paragraph "52" of the complaint.

53.     Denies the allegations in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55.     Denies the allegations in paragraph "55" of the complaint.

56.     Denies the allegations in paragraph "56" of the complaint and all sub-paragraphs contained within paragraph "56" of the complaint.

57.     Denies the allegations in paragraph "57" of the complaint.

58.     Denies the allegations in paragraph "58" of the complaint.

59.     Denies the allegations in paragraph "59" of the complaint.

60.     Denies the allegations in paragraph "60" of the complaint.

61.     Denies the allegations in paragraph "61" of the complaint.

62.     Denies the allegations in paragraph "62" of the complaint and all sub-paragraphs contained within paragraph "62" of the complaint.

63.     Denies the allegations in paragraph "63" of the complaint.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**:

64.     The complaint fails to states a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**:

65.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**:

66.     Punitive damages are not recoverable as against defendant City of New York.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**:

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the Defendants.

**FIFTH AFFIRMATIVE DEFENSE**:

68. There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

69. Police Officer Terrance Smalls was off-duty and acting in the ambit of his personal pursuits at the time of the incident; therefore he was not acting under color of state law. Further, Officer Smalls did not invoke the real or apparent power of the police department or perform any of the duties prescribed generally for police officers at the time of the incident or in any other manner as related to plaintiff after the incident.

**SEVENTH AFFIRMATIVE DEFENSE:**

70. Some or all of plaintiff's claims may be barred for failure to comply with N.Y. GEN. MUN. LAW §§ 50-(e), 50-(h) and/or 50-(i).

**EIGHTH AFFIRMATIVE DEFENSE**:

71. At all times relevant to the acts alleged in the complaint, defendant City of New York's agents acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from suit.

**NINTH AFFIRMATIVE DEFENSE**:

72. One or more of plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**:

73.   There was probable cause and/or reasonable suspicion for any stop.

**ELEVENTH AFFIRMATIVE DEFENSE**:

74.   Plaintiff provoked any incident.

**WHEREFORE**, Defendant Police Officer Terrance Smalls requests judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          August 2, 2011

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendant City of New York,
                                          Police Officer Lloyd Hanson, and Police
                                          Officer Terrance Smalls
                                        100 Church Street
                                        New York, New York  10007
                                        (212) 227-1177

                                        By:  _____/S/_____
                                              LINDA MINDRUTIU (LM0801)

To:   Gerald M. Cohen
        Joshua Fitch
        Matthew Benjamin Shroyer

8